# MATTHEW T. SCOTT

*v.*

# JAMES B. WALLER *et al.*

1. ABATEMENT—*defendant sued out of his county.* In an action against a defendant, brought in the Superior Court of Cook county, the defendant pleaded, in abatement of the writ, in substance, that he was, before and at the time of the commencement of the suit, and at all times thereafter, a resident of McLean county, and was not a resident of Cook county, and that he was not found, nor served with process, in Cook county, nor elsewhere than in the county of McLean, and that the said plaintiffs were not, at the commencement of said action, residents of said county of Cook, nor were they then residents of such county: *Held,* on demurrer to the plea, that it was not a plea to the jurisdiction of the court, but in abatement of the writ only, founded on the fact that the plaintiffs were not residents of the county from which it issued, and as such was good under the act of 1861.

2. PROCESS—*when it may issue to another county for service on sole defendant.* Under the statute of 1861, relating to practice, where there are several plaintiffs they must all reside in the county in which they sue, in order to justify the sending of process to another county for service on a sole defendant who does not reside in the county where sued. Where they do not all reside in one county, the sole defendant must be sued in the county of his residence.

3. ABATEMENT—*judgment on demurrer to good plea in abatement.* The proper judgment upon overruling a demurrer to a plea in abatement to the writ is, that the writ be quashed, and consequently a dismissal of the suit.

APPEAL to the Superior Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

This was an action of assumpsit, by James B. Waller and Alexander J. Alexander, executors, etc., against the appellant, upon a promissory note.

The appellant, defendant below, filed a plea in abatement, which, after the proper entitling, was as follows:

"And the defendant, Matthew T. Scott, in his own proper person, comes and says that this court ought not to have or

182 . SCOTT *v.* WALLER *et al.* [Sept. T.,

Opinion of the Court.

take further cognizance of the action aforesaid, because, he says, that before and at the time of the commencement of this suit, the said defendant was, and at all times since the commencement of this suit the said defendant has been, and still is, a resident of the county of McLean, in the State of Illinois, and did not, at the commencement of said suit, nor does he now reside in said county of Cook; nor has he been found nor served with process in said action in said county of Cook, or elsewhere than in said county of McLean. And the defendant further avers that the said plaintiffs were not, at the commencement of said action, residents of said county of Cook, nor are they now such residents of said county. And this the defendant is ready to verify, wherefore he prays judgment whether this court can or will take further cognizance of the action aforesaid."

Messrs. DENT & BLACK, for the appellant.

Messrs. MOORE & CAULFIELD, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This is an appeal from the Superior Court of Cook county. The only question made on the record is as to the validity of defendant's plea, which both parties agree in denominating a plea to the jurisdiction of the Superior Court, which, under the authority of *Kenney et ux.* v. *Greer*, 13 Ill. 432, it is not, but simply a plea in abatement, going to the writ, and to that only.

The plea avers, in substance, that the defendant was, before and at the time of the commencement of the suit, and at all times thereafter, a resident of McLean county, and was not a resident of Cook county, and that he was not found nor served with process in Cook county, nor elsewhere than in the county of McLean, and that the said plaintiffs were not, at the commencement of said action, residents of said county of Cook, nor are they now residents of said county.

The plaintiffs demurred generally to this plea, which the court sustained, and defendant electing to abide by his plea, judgment was rendered against him for the amount of the note and interest to recover which the action was brought.

Does this plea bring the case within the act of 1861?

The first section of that act is as follows:

"It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except that in every species of personal actions in law or equity, where there is more than one defendant, the plaintiff commencing his action where either of them resides, may have a writ or writs issued, directed to any county or counties where the other defendants, or either of them, may be found: *Provided*, if a verdict shall not be found or judgment rendered against the defendant or defendants resident in the county where the action is commenced, judgment shall not be rendered against those defendants who do not reside in the county, unless they appear and defend the action."

Section 3 is as follows:

"The provisions of this act shall not apply to any case where the plaintiff is a resident of, and the contract upon which the action is brought shall have been actually made in the county in which the action is brought, nor to any proceeding under the attachment laws of this State." Laws of 1861, p. 180.

It is admitted by appellees that, by force of section 27, ch. 90, R. S. 1845, "plaintiff" is to be understood as meaning "plaintiffs," but they insist the plea is defective in not averring that neither of the plaintiffs was a resident of Cook county, they claiming, if either of the plaintiffs was such resident, the action was properly brought in Cook county.

But, to bring up this question, was it proper to demur generally to the plea?

The demurrer admits all the facts which are well pleaded, and the plea states all the facts required to make a good plea in abatement. It avers the plaintiffs were not residents of the

184          SCOTT *v.* WALLER *et al.*          [Sept. T.,

Opinion of the Court.

county of Cook when they brought their action. The demurrer admits they were not, consequently, according to the statute, the writ could not have issued from Cook county.

It would seem, if appellees wished to present the question they are now urging, they should have replied to the plea that one of the plaintiffs was, at the time, etc., a resident of Cook county. A demurrer to the replication would have brought the question now made directly before the court.

But in whatever mode the question may be presented, we are of opinion it is the clear intention of the statute that the parties suing under the statute must be residents of the county in which the suit is brought. If this were not so, then where a note was made by a resident of Alexander county, payable to two persons, one of whom is a resident of the same county, and the other a resident of Cook county, an action on the note could be brought in Cook county. This the statute could not have intended. Where the plaintiffs do not reside in the same county, then the action must be brought against the defendant in the county of his residence.

An objection is made by appellees to the plea. They claim it is a plea to the jurisdiction of the court, and should have pointed to some court which had jurisdiction.

It is not a plea to the jurisdiction of the court, but in abatement of the writ only, founded on the fact alleged in it, that the plaintiffs were not residents of the county whence it issued. *Kenney et ux.* v. *Greer*, 13 Ill. 432; *Humphrey et al.* v. *Phillips*, 57 ib. 132.

The judgment would be a quashal of the writ, and, consequently, a dismissal of the suit.

For the reasons given, the judgment is reversed and the cause remanded, with directions to the circuit court to quash the writ and dismiss the suit.

*Judgment reversed.*