HOWARD S. GEMMILL, Admr., Appellant, *vs.* ANNIE E. SMITH, Exrx., Appellee.

*Opinion filed June 22, 1916.*

1. SURVIVAL OF ACTIONS—*effect where one joint defendant to action for injury to person dies pending suit.* If one of two joint defendants in an action for damages for injury to the person dies after the suit is begun, the pending action, under section 11 of the Abatement act, is preserved against the surviving defendant but not against the personal representative of the deceased defendant, even though the separate liability of the deceased defendant might be enforced against his personal representatives in a separate suit.

2. PLEADING—*when plea in abatement is not double.* A plea in abatement by an executrix claiming her privilege not to be sued out of the county where she resides is not double because it negatives the application of section 25 of the Abatement act, authorizing service of summons to any county in the State where an action survives against a personal representative, by alleging facts showing that the pending action, to which she had been made a party defendant after her testator's death, did not survive.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding.

EARL J. WALKER, for appellant.

BULKLEY, MORE & TALLMADGE, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant, as administrator of the estate of Hans Hansen, brought suit in the superior court of Cook county for negligently causing the death of his intestate, against Alanson D. Smith and the People's Gas Light and Coke Company. Smith, alone, was served and filed pleas. A year later he died. Summons was then served on the other defendant. Afterwards Smith's death was suggested and an order was made that his executors be made defendants. The plaintiff dismissed his suit as to the People's Gas Light and Coke Company. Summons was served on Annie E. Smith, as executrix, in Grundy county, where she resided and was appointed executrix. She appeared in her own person and as one of the executors of the will of Alanson D. Smith, and filed a plea alleging that she was a resident of Grundy county and was served with process there and not in Cook county; that her co-executor, Edward R. Smith, was a resident of Will county; that Alanson D. Smith died more than a year after the cause of action accrued; that he lived in Grundy county at the time of his death, and that his death was brought to the attention of the court before the plaintiff dismissed his suit as to the People's Gas Light and Coke Company. The plea concluded with a prayer for judgment if the court would take cognizance of the action. A demurrer to the pleas was overruled and the plaintiff elected to abide by his demurrer. The court dismissed his suit and the plaintiff appealed. The Appellate Court affirmed the judgment and granted a certificate of importance and appeal.

We have held that a suit for negligence in causing death may be sustained by an administrator against the personal

representative of the person whose negligence caused the death. (*Devine* v. *Healy*, 241 Ill. 34.) The cause of action does not abate by the death of the defendant. If Alanson D. Smith was liable, in his lifetime, for negligently causing the intestate's death, a suit could be maintained against his executors if brought within the time limited by the law. The question is not, however, whether the appellant could maintain an action against the appellee, but is whether the particular action pending against the testator at his death could be revived. That the action was originally properly brought and a joint judgment could be recovered against both defendants if both were guilty of the wrong is admitted, and it is equally clear that after Smith's death no joint judgment could be rendered against his personal representatives and the other defendant. (*Tandrup* v. *Sampsell*, 234 Ill. 526.) At common law a cause of action for an injury to the person did not survive to the plaintiff or against the defendant. If the action survives in this case it must therefore be by reason of some statute. Even if the cause of action survives, the method of its enforcement is subject to control by legislative enactments, and sections 11, 12 and 13 of the Abatement act provide the manner in which an action may be prosecuted where one or more of the parties have died but the cause of action survives. Section 11 deals with the case where there is but one defendant to the action, and provides that in case of his death the suit shall not abate if it might have been prosecuted against the personal representatives of the deceased, but that such personal representatives may be summoned and the cause proceed as if it had been originally commenced against him. This section does not apply to the present case, where there were several defendants, but this case is within the terms of section 12, which provides that where there are several defendants in an action the cause of which survives, and any of them die before final judgment, the action shall not abate, but upon the suggestion of

such death the cause may proceed against the surviving defendants as if they had been originally the only defendants.

The death of one of several defendants, at common law, abates the suit as to him. The statute provides that the action shall not abate but may proceed against the surviving defendants. It does not provide that it may proceed against the executors. The joint liability is severed by the death of one of those jointly liable, but the statute preserves the action upon the joint liability against those who survive. The separate liability of the deceased person may be enforced in a separate action against his representatives. The same principle prevails in section 13, which provides that in case of the death of all the joint defendants the cause may proceed against the representatives of the last surviving defendant. By the death of Smith his liability was severed and his representatives might be proceeded against in a separate action, but the statute preserved the pending action against the surviving defendant. The matter is wholly statutory. If the statute saved the pending action it was saved, otherwise not, and as to the administrator or executor of a deceased co-defendant the statute does not save the action.

Various formal objections are made to the plea, but in its commencement, conclusion and substance it is substantially the same as the plea in the case of *Scott* v. *Waller,* 65 Ill. 181, which was held to be a good plea. It is a plea in abatement claiming the defendant's privilege not to be sued out of the county where she resides or may be found. It was not subject to the charge of duplicity in alleging the facts which show that the action did not survive against her as executor, because those facts were necessary to make the plea good. If the action survived, section 25 of the Abatement act authorized the issue of summons to any county in the State, and it was essential to a good plea that it should negative such authority.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*