City of Centralia, Appellant, v. Carrie E. McKee, administratrix of the Estate of Chas. E. McKee, Deceased, and Hartford Accident and Indemnity Company of Hartford, Connecticut, Appellees.

Opinion filed September 19, 1932. Rehearing denied October 22, 1932.

L. H. JONAS, for appellant.

CHARLES F. DEW, for certain appellee.

WILSON & WILSON and IGOE, CARROLL, HIGGS & KEEFE, for certain other appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

The City of Centralia, in 1917, adopted the commission form of government, and on May 7 of the same year the city council enacted an ordinance, creating the office of city treasurer. On May 19, 1927, Charles E. McKee was duly elected, by the city council, as such city treasurer, took the oath of office, and gave a bond executed by himself, and the Hartford Accident and Indemnity Company as surety, in the sum of $75,000, to insure the performance of his duties as such treasurer, and to account for all moneys which should come into his custody in such official capacity.

On May 26, 1927, said city council, in regular session, designated three banks of the City of Centralia, among others, the Merchants State Bank, as depositories for the city funds coming to the hands of the city treasurer, and took from said named bank a depository bond in the sum of $40,000, conditioned for the faithful accounting by said bank, to the city, of all funds deposited therein by the city treasurer, and also all interest to accrue thereon.

McKee continued to act as treasurer of such city until April 17, 1931, when he resigned, and the council elected his successor. On December 8, 1930, the Merchants State Bank closed as insolvent; a receiver was appointed by the auditor of public accounts, and it is now in course of liquidation.

At the time the bank so closed, McKee, as such treasurer, had on deposit therein the sum of $28,725.60 of the funds of the City of Centralia. Failing to turn same over to his successor, an action of debt was begun in the circuit court of Marion county upon his official bond, against him and the surety, to recover said sum. Pending the suit, McKee died. The fact was suggested of record, and Carrie E. McKee, as administratrix of his estate, was joined as a party defendant. After amendments to the declaration, the defendants (appellees herein) severally filed the general issue. The parties stipulated that any proof competent under any proper plea might be introduced by the defense, and that the plaintiff (appellant in this court) might meet same by any evidence, proper under any apt replications to such pleas. Trial by jury was waived, and the cause submitted to the court for hearing and decision. The trial court, upon a stipulation of fact, rendered judgment for appellees, and the appellant seeks to reverse same by this appeal.

Appellees' position is that when the city council designated a depository, and required its treasurer to deposit city funds therein, it cannot afterward hold him or his surety as insurers of such funds, as he deposited therein, and which were lost through the failure of the depository, and not because of any fault or neglect of the treasurer. Appellant contends that such action did not release the officer from his liability as insurer of the funds so deposited, and also that the city council had no authority to designate the depository, and that its action in that regard was without warrant, and of no effect.

At the time of McKee's election and qualification as said city treasurer, and during the whole period of his incumbency as such, the only authority for the designation of a depository of municipal funds, in a city operating under the Commission Form of Government Act, was that conferred by Cahill's St. ch. 24, ¶ 374 (sec. 316, ch. 24, Smith-Hurd R. S. 1931), which provides that the city treasurer shall make daily deposits of city funds coming into his custody, in one or more banks of the city, to be selected by the president of the council, the commissioner of accounts and finance, and the treasurer, or any two of them; that such bank or banks shall be required to indemnify the city, with a depository bond, and further, that said president of the council, commissioner of accounts and finance, and the treasurer, in the selection of such depository bank, shall take into consideration the reputation and solvency of the same, and the sufficiency of the security which it offers.

It will be seen that the statute, in express terms, constituted three individuals a body to select such depository; specifically provided that they, in making their choice, should take into consideration certain matters. This vested the persons, thus named, with the exercise of a discretion in arriving at their judgment, and by fundamental and familiar rules, excluded all others from participating therein. The city council, as such, had no power or authority in the matter, which was expressly committed by said section 316 (Cahill's St. ch. 24, ¶ 374) to a different tribunal.

The rule which governs the acts of such bodies so selected by statute, for the discharge of certain governmental functions, is announced in the case of *People v. Chicago & E. I. Ry. Co.*, 306 Ill. 402, where, on page 412, it is stated: "Where a collection of individuals, designated in a manner provided by law, is created a body to whose care public affairs are com-

mitted, the body so created is powerless to act, except together and as a body''; and to the same effect is *Louk v. Woods,* 15 Ill. 256.

The designation of a depository for the funds of the city treasurer was committed to a body of three individuals named by said section 316 (Cahill's St. ch. 24, ¶ 374) and two of whom must concur in the selection. They were specifically charged, by the act, with the consideration of certain important elements which should enter into the formation of their judgment; consequently it was essential that their selection should result from conference and consultation, where views could be interchanged and opinions expressed, and which, within the rule as stated, could only be done where such individuals were acting as a body and together, not separately, nor in conjunction with others who, by the statute, were not empowered to participate in the designation.

By the stipulation, it appears that the body or tribunal created by the statute did not, as such, act in the matter, but that another unit of government, to wit, the city council, which had no authority in the selection of such depository, assumed to act and make the choice.

Appellees urge that inasmuch as the action of the city council was unanimous; that two of the three persons named by said section 316 (Cahill's St. ch. 24, ¶ 374) viz., the president of the council (who in fact is the mayor), and the commissioner of accounts and finance (who is a member of the council), are shown to have affirmatively voted upon the proposition at the council session; that two of the members of the body, authorized to make the selection, officially acted, that their action thereby constituted a selection under the authority of the statute. The answer to which is, that said two members, at such time, were acting in their official capacity as members of the city council,

and not as members of the tribunal constituted by the statute to select such depository.

Where certain individuals are constituted, by. law, a body for the determination of some public matter, it must be exercised by the members of the body acting as such, or at least such part of them as are by law authorized to render the decision; and it cannot be lawfully done, by a part of such body, acting in conjunction with unauthorized persons. *McChesney v. People,* 148 Ill. 221. Here, two of the statutory body acted in association with three others, who were strangers to the proceeding, and not in their capacity as officers to make the designation of the depository. They functioned, at such time, as officials of a different governmental agency, that is to say, the city council, which tribunal was without authority in the matter.

There was no lawful designation of a bank depository for the funds of the treasurer of the City of Centralia, and the attempted designation, by the city council, being unwarranted, the treasurer was under no obligation to regard it.

The decision of the foregoing proposition is decisive of the case, and it is unnecessary to discuss or decide what the effect would have been upon the treasurer's liability, had there been a lawfully designated depository. The trial court erred in holding that no liability existed in favor of appellant; for which action, the judgment will be reversed and the cause remanded.

As before observed, pending the action, McKee died. Upon suggestion of the fact, the court permitted the administratrix of his estate to be made party defendant, and the cause proceeded to judgment in favor of both the administratrix and the surety. This action was improper. By Cahill's St. ch. 1, ¶ 12 (section 12, ch. 1, Smith-Hurd's Revised Statutes, 1931), after McKee's death was suggested of record, the cause

should have proceeded against the remaining defendant. In *Gemmill v. Smith*, 274 Ill. 87, the Supreme Court, construing said section, held that by the death of one of several defendants, who are jointly liable, where the cause of action survives, the joint liability was severed, "but the statute preserves the action upon the joint liability against those who survive. The separate liability of the deceased person may be enforced in a separate action against his representatives."

By the death of McKee, his joint liability was severed, and appellant was authorized by the statute to proceed, in the pending suit, only against the remaining defendant, with the right to enforce the separate liability of McKee in an independent action against his personal representatives; and while the point was not raised, we think, in view of the fact that the cause must be remanded for further proceedings, that we should take notice of this condition, in order that the same may be corrected in the trial court.

The judgment is reversed and the cause remanded with directions to dismiss the suit as to Carrie E. McKee, administratrix, etc., and to enter a finding and judgment as to the other defendant for the amount due appellant.

*Reversed and remanded with directions.*