Arline Perry McDougal and Edith Perry Woodworth,
Appellees, v. A. J. Perry, Appellant.

Gen. No. 9,339.

Opinion filed September 19, 1939.

GALE & WEST and GEORGE W. HUNT, all of Peoria,
for appellant.

LEWIS L. VAN DYKE, of Peoria, for appellee.

MR. PRESIDING JUSTICE DOVE delivered the opinion of
the court.

On September 13, 1937 Alice A. Nash instituted this proceeding in forcible detainer in the county court of Peoria county to recover possession of four lots in the city of Chillicothe. An answer, which was subsequently amended, and a counterclaim were filed. On December 30, 1937 the plaintiff filed a motion to strike the amended answer from the files and on January 11, 1938 she filed a motion for judgment. On January 29, 1938 Arline Perry McDougal and Edith Perry Woodworth filed their petition, supported by affidavits, for an order substituting them as plaintiffs. This petition averred that on November 27, 1937 Alice Nash conveyed the premises involved herein to petitioners and thereafter, on January 18, 1938 died. A hearing upon this application was had, resulting in an order substituting Arline Perry McDougal and Edith Perry Woodworth as plaintiffs and thereafter the court sustained their motion for judgment and rendered judgment in favor of the substituted plaintiffs for possession of the premises and against the defendant and in favor of the substituted plaintiffs for costs.

The sole contention made by counsel for appellant is that the death of the sole plaintiff on January 18, 1938 abated this suit and that appellees, even though they were heirs at law of Alice A. Nash, deceased, had no such interest in the premises which would give them the right to suggest the death of Alice A. Nash and that they, as grantees of the former plaintiff, could not be substituted as parties plaintiff because of the time of substitution, Alice A. Nash had died, the suit had abated and there was therefore no party plaintiff. In support of this contention counsel call our attention to section 10 of the Abatement Act [Ill. Rev. Stat. 1937, ch. 1, § 10; Jones Ill. Stats. Ann. 107.010], section 54 of the Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 178; Jones Ill. Stats. Ann. 104.054] and cite *Zukowski v. Armour*, 107 Ill. App. 663. What this case holds is that under the Practice Act as it then existed, a suit could

not be discontinued as to a plaintiff or a defendant unless there was another plaintiff or defendant from whom the party discontinued may be severed, that unless that was true, the common law rule prevailed, which was that the court was without power to add or strike out parties to a suit.

Section 10 of the Abatement Act [Ill. Rev. Stat. 1937, ch. 1, § 10; Jones Ill. Stats. Ann. 107.010] provides: "When there is but one plaintiff, petitioner or complainant in an action, proceeding or complaint, in law or equity, and he shall die before final judgment or decree, such action, proceeding or complaint shall not, on that account abate, if the cause of action survive to the heir, devisee, executor or administrator of such decedent, but any of such to whom the cause of action shall survive, may, by suggesting such death upon the record, be substituted as plaintiff, petitioner or complainant and prosecute the same as in other cases."

Section 54 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 178; Jones Ill. Stats. Ann. 104.054] is as follows: "(ABATEMENT—CHANGE OF INTEREST OR LIABILITY.) Where by reason of marriage, death, bankruptcy, assignment or any other event occurring after the commencement of a cause or proceeding, either before or after judgment and in the trial or reviewing court, causing a change or transmission of interest or liability, or by reason of any person interested coming into existence after such commencement, it becomes necessary or desirable that any person not already a party should be before the court, or that any person already a party should be made party in another capacity, the action shall not abate, but an order may be made that the husband or wife, heir, personal representative, trustee, assignee, or other successor in interest, if any, be made a party in substitution for or in addition to any other party, and that the cause or proceeding be carried on with the continuing parties and such new parties, with or without a change in the title

of the cause, on motion of anyone interested, supported by affidavits, and such reasonable notice of the order to any new parties to be brought in as the court or tribunal may designate by such order.''

Counsel for appellant argue that section 54 of the Practice Act did not amend section 10 of the Abatement Act; that the word ''death'' used in section 54 of the Practice Act does not refer to the sole plaintiff mentioned in section 10 of the Abatement Act and that the use of the word ''assignment'' in section 54 of the Practice Act was not intended to include assignees of a deceased sole plaintiff; that therefore the words ''assignee or other successor in interest'' as used in section 54 of the Practice Act, only grants to the court the right to bring in the assignee of the plaintiff as a party, prior to the death of the sole plaintiff. ''This conclusion,'' say counsel, ''is made necessary because the assignee, in Section 54 of the Practice Act, of the sole plaintiff is not a person to whom the action survives under Section 10 of the Abatement Act.'' We are unable to follow counsel's reasoning. At common law the death of a sole plaintiff abated the action. 1 C. J. 153, sec. 248; *Mitchell v. King,* 187 Ill. 452. The transfer *pendente lite* of the interest of the plaintiff in the subject matter of the action, also, at common law abated the action. 1 C. J. 142, sec. 220; 1 Am. Jur. 48, sec. 45; 1 C. J. S. 148, sec. 106(a). Section 10 of the Abatement Act does apply to cases where there is a sole plaintiff and he or she dies, but section 10 of the Abatement Act and section 54 of the Practice Act must be construed together. In the instant case the motion to substitute discloses that Arline Perry McDougal and Edith Perry Woodworth are the owners of the property involved in this proceeding and that they had acquired title by virtue of a deed executed by the former plaintiff on November 27, 1937. Section 11 of the Forcible Entry and Detainer Act (ch. 57, Ill. Rev. Stat. 1937, p. 1701 [Jones Ill. Stats. Ann. 109.271]) provides

that the provisions of the Civil Practice Act should apply to all proceedings under that act in courts of record except as otherwise provided in that act and section 54 of the Civil Practice Act specifically authorized anyone interested to make the motion for substitution and provides that an action, such as this, under the circumstances here shown to exist, shall not abate but that the trial court, under its provisions, shall substitute as parties plaintiff, those to whom the sole plaintiff had transferred her interest. The allegation in the motion that the original plaintiff, Alice A. Nash, died on January 18, 1938 is not material, inasmuch as appellees did not seek to be substituted as plaintiffs because they were heirs at law of Alice A. Nash, but because they succeeded to her interest in the premises prior to her death by grant from her. "Where the plaintiff assigns his interest in the subject matter of an action during its pendency and then dies, the action, if the cause thereof survives, may be revived in the name of the assignee." 1 C. J. 222, sec. 446. "Where plaintiff assigned his interest in the subject matter of an action during its pendency and then died, the general rule is that the action may and should be revived in the name of the assignee." 1 C. J. S. 217, sec. 162(b).

The judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*