Madigan Bros., Inc. et al., Appellees, v. Garfield State Bank, Defendants. Mary E. Walzer and Alfred B. Walzer, Appellants.

Gen. No. 41,632.

Opinion filed May 19, 1941. Rehearing denied June 4, 1941.

CAMPBELL, CLITHERO & FISCHER, of Chicago, for appellants.

JOHN C. DEWOLFE, ROBERT E. DOWLING, AARON SOBLE, SHAFFER & FREEDMAN and RYAN, CONDON & LIVINGSTON, all of Chicago, for appellees.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is a suit to enforce a bank stockholders' liability in which it was decreed that Mary E. Walzer and Alfred B. Walzer were liable for $26,705.50; from this decree the Walzers (hereafter called defendants) appeal.

Neither defendant at any time was a stockholder of the Garfield State Bank, the bank in question. Mary E. Walzer is the widow, and Alfred B. Walzer is the son of Alfred Walzer, who at one time was the owner of stock in this bank, and it is sought to hold the defendants upon the theory that they inherited property of Alfred Walzer and also his liability as a stockholder under the constitution.

November 23, 1932, an amended and supplemental complaint was filed, seeking to enforce liability of the stockholders of the Garfield State Bank; Alfred Walzer was charged with being the owner of 317 shares of its stock; August 12, 1933, and while the complaint was pending, Alfred Walzer died leaving defendants his only heirs; March 24, 1934, a second amended and supplemental complaint was filed; in this (filed more than six months after his death) it was charged that Alfred Walzer was the owner of 263 shares of stock. July 16, 1936, a final decree was entered finding, among other things, that Alfred Walzer held 263 shares of stock and was liable for $26,300.

Two years thereafter on July 13, 1938, defendants are for the first time brought into the picture; on this date an amendment to the complaint was filed and certain persons, including defendants, were made additional parties defendant and served with summons; in this amendment it was alleged that when Alfred Walzer died, August 12, 1933, he left surviving the defendants who took possession of the property of which the deceased died possessed and were therefore liable for his liabilities. Motions to dismiss were made and denied, and they answered asserting that they were never stockholders of the Garfield State Bank and are ignorant as to its assets and liabilities and as to the shareholders and the number of shares owned by each; they admit that Alfred Walzer died August 12, 1933, but deny they took possession of any properties of which the deceased died seized or possessed, and deny they were liable for any liabilities of the deceased; the jurisdiction of the court was denied, as was the validity of any decree fixing any liability on the part of Alfred Walzer. The cause was referred to a master who, after hearing evidence, found defendants liable, and a decree was accordingly entered.

Defendants first argue the trial court was without power to reopen the cause two years after the date of

the entry of the final decree. The facts in *Trupp v. First Englewood State Bank of Chicago*, 307 Ill. App. 258 (Supreme Court dismissed petition for leave to appeal for want of jurisdictional certificate), are very similar to those in the case at bar. There the plaintiffs sought to impose a stockholder's liability upon certain persons made parties for the first time more than two years after the original decree was entered; the affidavit filed in that case supporting the supplemental complaint was to the effect that certain facts had come to the knowledge of plaintiffs subsequent to the filing of the complaint which necessitated the filing of a supplemental complaint; this affidavit is in all respects like that in the instant case. No facts are stated which have come to the knowledge of plaintiffs, nor is any showing made that the fact of death of Alfred Walzer could not by the exercise of ordinary diligence have been ascertained preceding the entry of the final decree of July 16, 1936.

There were reservations in the decree of July 16, 1936, which are like those in the *Trupp* case. The decree finds that certain defendants, naming them, have accepted the terms of the settlement order entered by the court and have settled their liabilities. The name of the deceased, Alfred Walzer, is not included in this list. There is a further reservation that the decree is entered without prejudice to proceed against "defendants not heretofore served with process herein or who have not entered their appearance herein," and jurisdiction was retained to determine the existence and extent of liabilities of such defendants. Manifestly these reservations do not include the present defendants, who were not made parties until two years after this decree was entered. In the *Trupp* case it was held that the verification of new facts coming to the knowledge of plaintiffs was vague and insufficient; that there was no showing that with the exercise of ordinary diligence these new facts could not have been

ascertained. The opinion holds that the law fixes a definite time limit when jurisdiction once acquired in a cause comes to an end, quoting *United States v. Mayer*, 235 U. S. 55, 70. The opinion also examined the reservations in the decree and held they did not cover and were never contemplated to permit bringing in a group of new parties against whom no relief was originally sought. It was held that the motions to dismiss the amended complaint should be affirmed.

The opinion in the *Trupp* case is supported by an abundance of authority, stating in many ways that the court, after final judgment or decree, loses all power over the same after the expiration of 30 days from the date of the entry, unless jurisdiction is in the decree expressly retained for some particular purpose. As we have seen, the decree of July 16, 1936, contained no reservation of jurisdiction for the purpose of making additional parties defendant not theretofore served with process.

There is authority for holding that the decree of July 16, 1936, entering judgment against Alfred Walzer three years after his death, is void. However, it is unnecessary to pass upon this point because in the amended complaint of July 13, 1938, plaintiffs struck from their second amended and supplemental complaints any allegations upon which the decree against Alfred Walzer was based. The alleged decree against Alfred Walzer was treated as void and is not mentioned in the amendment of July 13, 1938.

Plaintiffs earnestly argue that the trial court had jurisdiction of defendants because they fraudulently concealed the death and assets of the deceased; that their attorneys failed to advise the court of the death of said deceased and permitted a decree to be entered against him after his death, and also misled the court by failing to administer the estate of the deceased.

The heirs of Alfred Walzer were under no duty to intervene in the case and suggest his death to the

court. The Abatement Act (Ill. Rev. Stat. 1939, ch. 1, § 11 [Jones Ill. Stats. Ann. 107.011]) provides that upon the death of a defendant "the plaintiff, petitioner or complainant may suggest such death." It has been held that the legal representative of a deceased defendant is under no obligation to suggest his death. *Jackson v. Anderson,* 355 Ill. 550. In that case it was charged there was fraudulent concealment of the death of the defendant. It was held there was no showing made why plaintiffs could not have learned of the facts. That language is applicable to the instant case. There is no showing of any attempt to learn of the death of Alfred Walzer and no showing that plaintiffs could not have learned by making reasonable inquiry. As to the failure of the attorneys for defendants to advise the court of the death of Alfred Walzer, the record shows that he appeared in the cause by other counsel and his answer was filed by his attorneys, other than those now representing defendants. March 24, 1933, the present firm was substituted as his attorneys of record, and March 9, 1934, this firm filed an amended answer on behalf of the defendants represented by them. Alfred Walzer was deceased at that time and was therefore not included among the defendants represented. This failure to include his name should have put plaintiffs upon inquiry as to why he was omitted, which would have led to knowledge of his death. The record fails to show that any counsel purported to represent Alfred Walzer after his death.

We are of the opinion the master and chancellor were in error in finding defendants inherited property from Alfred Walzer which could be held liable for his stock liability. Alfred Walzer and his wife Mary E. were in the meat market business for many years; it was a prosperous business and in the spring of 1930 Alfred Walzer, then in failing health, told his son Alfred B. that if he would give up his employment with the

Illinois Bell Telephone Company and go into the meat market business with him he would give him one-half interest in the business; this proposition was accepted and there was transferred to Alfred B. stock in the business of the principal value of $12,500. Mary Walzer testified that she and her husband were in the meat market business for many years and during that period they invested in two pieces of real estate and three mortgages—all in joint tenancy; these mortgages were foreclosed, and she claims to be entitled to the properties as surviving joint tenant. The first mortgage shows the master's deed issued to her. The second mortgage was bought in her name as the legal owner and holder of the note, and the property was bid in by her. The third mortgage was also bought in her name as the legal owner and holder of the note, and the foreclosure sale ran to her. It was sufficiently proven that Mary Walzer was a joint tenant of these properties and the owner by survivorship after the death of her husband. The evidence shows that the bank account in the Garfield State Bank was in the names of Alfred and Mary E. Walzer as a joint account. A former vice president of the bank testified that their bank account and all the transactions and purchases of mortgages were joint, and their safety deposit box was under the same joint arrangement.

The master apparently was of the opinion there had been fraudulent conveyances of these properties to Mary E. Walzer. An action to set aside fraudulent conveyances cannot take place in a representative suit to enforce a stockholder's liability. There must first be a recovery of a judgment and the return of an unsatisfied execution, and the remedy is then by an independent proceeding in equity. *Sparta Building & Loan Ass'n v. Renfro,* 287 Ill. App. 303. The record fails to establish that either of the defendants received or inherited any property from Alfred Walzer. The constitutional liability of a stockholder in a bank is

not inheritable and the heirs cannot become liable for this unless by some overt act they accepted title to the shares of stock or the benefits flowing therefrom. The evidence fails to show these necessary facts.

While we are of the opinion the evidence fails to show defendants inherited any property from Alfred Walzer which would impress any stockholders' liability upon them, our decision is based principally upon our conclusion that the court was without jurisdiction to bring in these defendants as additional parties two years after the final decree of July 16, 1936.

For the reasons above indicated, we hold that the decree appealed from should be reversed.

*Reversed.*

O'CONNOR, P. J., and MATCHETT, J., concur.