Ford Beebe, Appellee, v. Edna Workman, Administrator of Estate of Lloyd Workman, Deceased, and Floyd Lewis, Appellants.

Gen. No. 10,256.

2

Opinion filed October 14, 1948. Rehearing denied December 16, 1948. Released for publication December 17, 1948.

J. J. Ludens, of Sterling, for appellants.

Bull, Yost & Ludens, of Morrison, for appellee; Karl Yost, of Morrison, of counsel.

Mr. Presiding Justice Wolfe delivered the opinion of the court.

Ford Beebe started a suit in the circuit court of Whiteside county, against Lloyd Workman and Floyd Lewis for damages he claimed that he sustained in a collision between the truck he owned, and was driving, and the truck of Lloyd Workman, which the defendant, Floyd Lewis was driving. The accident occurred on February 4, 1946. Beebe's truck was heavily loaded, and proceeding in a westerly direction on Route 30 in DeKalb county, Illinois. The Workman truck, loaded with cattle, was being driven by Floyd Lewis, on the same highway in an easterly direction. It was a foggy

night, and the vision of both drivers was further obscured by the smoke from a railway engine which passed along near the place where the two trucks collided.

The defendants filed a cross complaint, alleging that their truck was injured through the negligence of Beebe and asked for damages. At the conclusion of all of the evidence, the court instructed the jury to find the issues in favor of Beebe, the cross defendant. The jury did so, and found the issues in favor of the plaintiff, and assessed his damages at $2,000. It is from this judgment that the appeal has been prosecuted to this court.

After the suit was started, Lloyd Workman died. His death was suggested to the court, and Edna Workman, administrator of the estate of Lloyd Workman, was substituted as a party defendant. Mrs. Edna Workman, as such administrator, entered her appearance in writing, and consented to an immediate hearing on the merits of the case. It is now urged as error for the court to have substituted Mrs. Edna Workman, as administrator of Lloyd Workman, deceased estate, as a party defendant to the suit. As authority for their position, they cite the case of *City of Centralia v. McKee,* 267 Ill. App. 585 and *Gemmill v. Smith,* 274 Ill. 87.

It is claimed by appellants that by section 12 of our Abatement Act [Ill. Rev. Stat. 1947, ch. 1, par. 12; Jones Ill. Stats. Ann. 107.012], that on the death of Lloyd Workman, the action against his estate did not survive. Each of the above cases so holds, but it will be observed that both of these cases were decided prior to June 1933, when our present Practice Act became effective.

In the case of *McDougal v. Perry,* 301 Ill. App. 272, this Court had occasion to construe section 10 of the Abatement Act [Ill. Rev. Stat. 1947, ch. 1, par. 10; Jones Ill. Stats. Ann. 107.010], and we there held that the Abatement Act should also be construed with

section 54 of our Civil Practice Act [Ill. Rev. Stat. 1947, ch. 110, par. 178; Jones Ill. Stats. Ann. 104.054]. Section 54 is as follows: ''Where by reason of marriage, death, bankruptcy, assignment, or any other event occurring after the commencement of a cause or proceeding, either before or after judgment and in the trial or reviewing court, causing a change or transmission of interest or liability, or by reason of any person interested coming into existence after such commencement, it becomes necessary or desirable that any person not already a party should be before the court, or that any person already a party should be made party in another capacity, the action shall not abate, but an order may be made that the husband or wife, heir, personal representative, trustee, assignee, or other successor in interest, if any, be made a party in substitution for or in addition to any other party, and that the cause or proceeding be carried on with the continuing parties and such new parties, with or without a change in the title of the cause, on motion of anyone interested supported by affidavits, and such reasonable notice of the order to any new parties to be brought in as the court or tribunal may designate in such order.'' 1933, June 23, Laws 1933, p. 784, art. 7, sec. 54. We think there is ample authority, and that the court committed no error in allowing the substitution of the administrator, as was done in this case. (*Winn v. Underwood,* 325 Ill. App. 297.) The appellant is in no position to raise this point after having entered her appearance in writing, and consenting to an immediate hearing, and making no objection to the proceeding in the trial court. She will not now be permitted to raise this question in a court of review.

At the conclusion of the evidence for the plaintiff, the defendant called Floyd Lewis as a witness. Before Mr. Lewis testified, Mr. Yost, one of the attorneys for the plaintiff, stated: ''I wish to ask in what capacity this witness is being called.'' To which Mr.

Ludens, defendants' attorney, replied: "He is a defendant." Mr. Yost then asked: "Is he being called as a defendant, or as a counter complainant?" To which Mr. Ludens replied: "We can use him as we please, and not be confined to anything." Mr. Lewis then testified giving his version of how the accident occurred. After the defense had rested their case, Ford Beebe was called as a witness, and over the objection of the defendants, he was permitted to testify, and give his version of how the accident occurred. The appellants insist that the court erred in allowing Beebe to testify, as one of the defendants was defending the suit in a representative capacity, and under the statute he was not a competent witness. By the pleadings, it is admitted, that at the time of the collision, Floyd Lewis was driving the truck in question, as the employee of Lloyd Workman. The court, in overruling the objection to the testimony of Mr. Beebe, stated that his testimony must be confined as to the occurrence of the collision. Mr. Beebe testified to the occurrence of the accident only, and complied strictly with the court's ruling. Under the circumstances in this case, we think Mr. Beebe was a competent witness, and the evidence given was proper.

It is insisted by the appellants that the court erred in giving plaintiff's instructions No. 1, 4 and 5 and in refusing to give defendants' instructions No. 13, 14 and 15. It is a general rule of court that to properly present the propriety of given, or refused instructions, they should be copied in the appellants' argument, as the court will not search the abstract or record to find the instructions. However, in this case we have read the instructions criticized, and we think the ones given, fairly state the law, and the court properly refused defendants' instructions Nos. 13, 14 and 15.

The jury heard and saw the witnesses, and gave more credence to the plaintiff's testimony, than they did to that of the defendant. From our examina-

tion of the evidence, it is our conclusion that it fully sustains the findings of the jury, and the judgment appealed from is hereby affirmed.

*Judgment affirmed.*