*Fourth District Court of Eastern Middlesex*

No. 1053 of 1954

*Northern District*

No. 4929

## JOHN J. VENTOLA

v.

## J. STEWART

(March 6, 1956)

*Brooks, J.* This is an action for rent alleged to be due under a written lease.

Defendant appeared specially and filed an auswer in abatement as follows:

"The defendant, appearing specially, says that this court has no jurisdiction in this case and that the same cannot be maintained herein because the defendant was not at the time of the commencement of this action a resident of nor did he have a usual place of business within the said County nor within the judicial district of this court.

"Wherefore the defendant prays that the writ in this case may be abated and for his costs."

At the hearing before (*Curtis W. Nash, S. J.*) upon the answer in abatement, defendant testified that at the time of the commencement of the action he lived in Andover and was employed by a corporation having a usual place of business in Stoneham.

Defendant's answer in abatement was overruled, no grounds for the action being given. The propriety of this ruling is the only question raised by defendant and now before this court.

Conceivably two reasons were in the court's mind as grounds for overruling the answer in abatement:

1. The answer was defective in failing to state defendant's actual residence and the court where the case should have been brought.

2. The place where defendant worked in Stoneham was his place of business within the meaning of G. L. c. 223, §2.

*As to ground No. 1*, there is an ancient doctrine that one who answers in abatement—which is a dilatory plea,—shall give plaintiff "a better writ." That is to say, he shall supply information to plaintiff whereby the latter may correct his writ. This doctrine, however, appears not to apply to answers in abatement where venue is the issue. C. J. S. 41. *Scott v. Waller*, 65 Ill. 181 was an action on a note to which a plea in abatement was filed representing that defendant was not a resident of the court whence the process issued as required by the statute. The court said in ordering that the writ be quashed, "An objection is made by appellees to the plea. They claim it is a plea to the jurisdiction of the court and should have pointed to some court which had jurisdiction. It is not a plea to the jurisdiction of the court but in abatement of the writ only, founded on the fact alleged in it that the plaintiffs were not residents of the county whence it issued."

The above case is cited with approval in *Gemmill v. Smith*, 274 Ill. 87, 90, and in *Winn v. Vogel*, 345 Ill. App. 425, 432.

In *Second National Bank v. Leary*, 284 Mass. 381, the answer in abatement asserted a "misjoinder of defendants." The answer was overruled since, as the court said, no question of fact was raised by it and it therefore was not properly an answer in abatement. In any event, there was no question of venue at issue.

In other words, the form of the answer in the case before us was not of itself adequate ground for the court's action.

*As to the second point*, the simple issue is whether defendant's employment by a corporation in Stoneham constituted his "having a usual place of business" in that town.

G. L., c. 223, §2, reads in part as follows:

". . . Except as provided in Section 21, Chapter 218 and except as provided in this section, a transitory action in a district court shall be brought in the county where one of the defendants lives or has his usual place of business . . ."

(Neither §21 nor any other part of §2 itself bears upon this case.)

In *Hanley v. Eastern Steamship Corp.*, 221 Mass. 125 at 132, where the language was similar to §2 above, the court traced the history of the statutes controlling that case and analogous cases. It pointed out, among other things, that an earlier statute had added the phrase "trade or calling" to the words "usual place of business" and that this added phrase was later eliminated on revision of the statutes. The court, concluding that the omission was significant, held that an assistant manager of a store in Boston did not, by reason of that employment, have "a usual place of business" in Suffolk County. It said at pages 132, 133:

"It follows that the words used in our statute in the light of its history do not include a place where one pursues a 'trade or calling.' The work of the plaintiff and the intestate in a department

store comes rather within the description of 'trade or calling' than 'place of business.' It is employment as distinguished from business. Therefore, the venue of these actions was laid improperly in Suffolk County. They should have been brought either in the county of the residence, which was Norfolk, or where the alleged act of neglect occurred, which was Essex."

In *Industrial Bankers v. Reid, Murdock & Co.*, 297 Mass. 119, 124, a case originally argued in this court on appeal from the District Court and on subsequent appeal in the Supreme Judicial Court, the interpretation of the phrase "transacts his business" was considered. There the individual involved was a meat cutter employed in a store in Belmont. The court again reviewed the history of the pertinent legislation and concluded that the meat cutter did not "transact his business" in Belmont, citing *Hanley v. Eastern Steamship Corp.*, 221 Mass. 125.

The above cases, in our opinion, control the case before us. Defendant did not have "a usual place of business" in Stoneham. It was merely his place of employment. If, as might appear, the court overruled the plea on the ground that this employment constituted a place of business, this, in our opinion, was error. The answer in abatement is to be sustained, the writ abated and the proceedings dismissed.

A. W. Wunderly, for the defendant.

Arthur J. Travers, for the plaintiff.